UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:18-cv-02348-GW-MAA** | Date: **February 4, 2019** |
| Title **Newman *vs*. Ponce** | |

Present: The Honorable: **MARIA A. AUDERO, U.S. Magistrate Judge**

| Cheryl Wynn | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why This Action Should Not Be Dismissed as Moot

     On March 22, 2018, Petitioner David Newman commenced this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the operative Second Amended Petition on August 28, 2018. (ECF No. 26.) Petitioner challenges the validity of a prison disciplinary decision. (*Id.* at 1.) Petitioner seeks expungement of the disciplinary finding, reinstatement of early release, removal of a sanction, and restoration of good conduct time credits ("GCT"). (*Id.* at 5, 22.)

     On January 24, 2019, Petitioner filed a notice of change of address. (ECF No. 35.) Petitioner's new address appears to be a civilian residential address in Lincoln, California. (*See id.*) An inmate locator search of the Bureau of Prisons website (https://www.bop.gov/inmateloc) for Petitioner's register number indicates that Petitioner was released on January 10, 2019.

     The United States Constitution limits federal courts to the adjudication of actual, ongoing cases and controversies between litigants. *See* U.S. Const. art. III, § 2; *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "[F]ederal courts may not give opinions upon moot questions or abstract propositions . . . ." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citation and quotation marks omitted). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted). A habeas action is moot if the court, at the time of decision, cannot redress the alleged wrong by issuing a writ of habeas corpus. *See id.* at 7-8. Mootness is a threshold subject-matter jurisdiction issue, one a court is "obliged to raise sua sponte." *California v. Azar*, 911

F.3d 558 (9th Cir. 2018); *accord St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978).

Whereas a habeas petition challenging an underlying conviction is not rendered moot by the petitioner's release if collateral consequences flow from that conviction, "the presumption of collateral consequences does not apply to prison disciplinary proceedings." *Wilson v. Terhune*, 319 F.3d 477, 479-80 (9th Cir. 2003); *see also Valdez v. Benov*, 715 F. App'x 611, 613 (9th Cir. 2017) (applying *Wilson* to federal habeas context).

Given Petitioner's release from incarceration, the Court is uncertain whether it can grant the habeas relief Petitioner seeks in the Second Amended Petition, which challenges a prison disciplinary proceeding. Specifically, the Court doubts whether restoration of GCT credits and expungement of the disciplinary finding are available forms of relief after release. *See, e.g.*, *Jackson v. Swarthout*, No. CIV S-10-0494 GEB EFB P, 2011 U.S. Dist. LEXIS 97713, at *26-27, 2011 WL 3875859, at *7-8 (E.D. Cal. Aug. 31, 2011) (challenge to prison disciplinary action does not present a live case or controversy where the punishment for the action is withdrawn or completed); *Carter v. Duncan*, No. CV 09-590-TUC-AWT (CRP), 2011 U.S. Dist. LEXIS 70741, at *5, 2011 WL 2491429, at *2 (D. Ariz. Apr. 6, 2011) (prayer for lost GCT credit mooted by release because "good conduct time earned during the term of incarceration does not shorten a period of supervision nor does it shorten a period of imprisonment that may be required for violation of parole or supervised release" (citing 28 C.F.R. §§ 2.35(b), 523.2(c))). If the Court is unable to grant Petitioner habeas relief, then the case should be dismissed as moot.

Based on the foregoing, this action appears subject to dismissal for lack of subject-matter jurisdiction. Therefore, Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed as moot by filing a written response no later than **February 25, 2019**. Information relevant to the Court's analysis may include any facts or legal argument explaining why Petitioner believes he is entitled to relief the Court still may grant. **Petitioner is cautioned that failure to respond to this Order may result in a report and recommendation of dismissal for lack of subject-matter jurisdiction**.

Respondent may file an optional brief no later than **March 11, 2019**. Respondent may respond to Petitioner's arguments, confirm that Petitioner has been released, or otherwise address the effect of Petitioner's release on his habeas action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:18-cv-02348-GW-MAA**                                    Date:  **February 4, 2019**

Title     **Newman *vs*. Ponce**

    These briefs may not exceed ten (10) pages.  Unless otherwise directed by the Court, no additional briefing is permitted.

    In lieu of filing a response to this Order, Petitioner instead may file a request for a voluntary dismissal of this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

It is so ordered.

Attachment:
Form Notice of Dismissal

**Initials of Preparer**     cw